# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SUSAN WALCH, *on behalf of herself and all others similarly situated*, | ) ) ) ) | |
| Plaintiff, | ) | **Civil Action No.** |
| | ) | |
| vs. | ) | |
| | ) | **Jury Trial Demanded** |
| RATCHFORD LAW GROUP, PC | ) | |
| Defendant. | | |

## NATURE OF ACTION

1.     Plaintiff Susan Walch ("Plaintiff") brings this putative class action against Defendant Ratchford Law Group, PC ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., individually and on behalf of all others similarly situated.

## JURISDICTION, VENUE, AND STANDING

2.     This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Plaintiff has Article III standing to bring this action, as it seeks to redress conduct by Defendant that caused Plaintiff to suffer intangible harms, which Congress has made legally cognizable in passing the FDCPA. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," and thus "may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) ("Without the protections of the FDCPA,

Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" (quoting 15 U.S.C. § 1692(b)).

4.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

### THE FAIR DEBT COLLECTION PRACTICES ACT

5.      Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)); *see also Chiang v. Verizon New England Inc.,* 595 F.3d 26, 41 (1st Cir. 2010) ("The FDCPA was enacted to protect debtors from abusive debt collection practices.").

6.      In order to best protect consumers, courts have stated that the FDCPA "is to be construed liberally so as to effectuate its remedial purpose." *Lanna v. Levy & White*, No. 14-cv-13866-IT, 2016 WL 2937455, at *8 (D. Mass. May 11, 2016) (quoting *Pettway v. Harmon Law Offices, P.C.*, No. 03-cv-10932-RGS, 2005 WL 2365331, at *3 (D. Mass. Sept. 27, 2005)).

7.      The FDCPA is a strict liability lawsuit and debt collectors are liable regardless of fault. *See Harrington v. CACV of Colorado, LLC,* 508 F. Supp. 2d 128, 132 (D. Mass. 2007) ("The FDCPA imposes strict liability on debt collectors for their violations."); *Shapiro v. Haenn*, 222 F. Supp. 2d 29, 43 n.8 (D. Me. 2002) ("Because the FDCPA is a strict liability statute, however, debt collectors are liable if they perform any

intentional act that results in a violation, regardless of fault." (internal citation omitted)); *Fiorezano v. LVNV Funding LLC*, C.A. No. 11-178M, 2012 WL 2562415, at *2 n.1 (D.R.I. Jun. 29, 2012) ("[Plaintiff] only has to prove one violation in order to trigger liability under the FDCPA, because it is a strict liability statute.").

8.      The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e.

9.      "[F]or FDCPA purposes, a collection letter is to be viewed from the perspective of the hypothetical unsophisticated consumer." *Pollard v. Law Office of Mandy L. Spaulding,* 766 F.3d 98, 103 (1st Cir. 2014).

10.      "The standard protects 'all consumers, including the inexperienced, the untrained and the credulous.' Even so, the standard remains an objective one, which preserves an element of reasonableness." *Id.* at 103-4 (internal citation omitted). *Forcier v. Creditors Specialty Service, Inc.*, No. 13-CV-444-LM, 2014 WL 6473043, at *5 (D.N.H. Nov. 17, 2014) ("This standard is similar to the 'least sophisticated consumer' standard employed by the majority of circuits.").

## PARTIES

11.      Plaintiff is a natural person who at all relevant times resided in the State of Massachusetts, County of Hampden, and City of Wales.

12.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

13.      Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

14.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

15.     Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendant.

16.     Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal Capital One Bank (USA), N.A. account (the "Debt").

17.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

18.     Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

19.     In connection with the collection of the Debt, Defendant sent Plaintiff written correspondence dated June 22, 2018.

20.     A true and correct copy of the June 22, 2018 letter is attached as Exhibit A.

21.     The June 22, 2018 letter was Defendant's initial communication with Plaintiff.

22.     The June 22, 2018 letter purported to contain the notices required by 15 U.S.C. § 1692g(a).

23.     The June 22, 2018 letter stated, in relevant part: "Unless you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid." Exhibit A.

## CLASS ALLEGATIONS

24.     Plaintiff repeats and re-alleges all factual allegations above.

25.     Defendant's June 22, 2018 letter is based on a form or template used to send collection letters (the "Template") where the letter states: "Unless you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid."

26.     Defendant has used the Template to send collection letters to over 40 individuals in the State of Massachusetts within the year prior to the filing of the original complaint in this matter.

27.     Plaintiff brings this action on behalf of herself and all others similarly situated.  Specifically, Plaintiff seeks to represent the following class of individuals:

> All persons with a Massachusetts address, to whom Defendant mailed a letter based on the Template within one year before the date of this complaint.

28.     The proposed class specifically excluded the United States of America, the State of Massachusetts, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the First Circuit, the Justices of the United States Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

29.     The class is averred to be so numerous that joinder of members is impracticable.

30.     The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

31.     The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

32.     There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of the FDCPA; (c) the availability of statutory penalties; and (d) attorneys' fees and costs.

33.     Plaintiff's claims are typical of those of the class she seeks to represent.

34.     The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

35.     Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

36.     Plaintiff will fairly and adequately protect the interests of the class and has no interests adverse to or which directly and irrevocably conflict with the interests of other members of the class.

37.     Plaintiff is willing and prepared to serve this Court and the proposed class.

38.     The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

39.     Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

40.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

41.     The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

42.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

43.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

44.     Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692g(a)(3)

45.     Plaintiff repeats and re-alleges each factual allegation contained above.

46.     A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

47.     Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir. 1991)).

48.     This validation requirement is a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *See Hernandez v.*

*Williams, Zinman & Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

49.     "Sections 1692g(a)(4), 1692g(a)(5), and 1692g(b) explicitly require written communication, whereas section 1692g(a)(3) plainly does not." *Clark v. Absolute Collection Service, Inc.*, 741 F.3d 487, 490 (4th Cir. 2014).

50.     "The plain language of subsection (a)(3) indicates that disputes need not be made in writing . . . ." *Camacho v. Bridgeport Fin. Inc.*, 430 F.3d 1078, 1082 (9th Cir. 2005).

51.     Defendant violated 15 U.S.C. § 1692g(a)(3) by failing to meaningfully convey to Plaintiff that unless Plaintiff disputes the validity of the alleged debt, or any portion thereof, within thirty days after receipt of the initial communication, the debt will be assumed valid by Defendant.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b)   Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(3) with respect to Plaintiff and the class she seeks to represent;

c)   Awarding Plaintiff, and the class she seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)   Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e)   Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f)   Awarding Plaintiff, and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g)   Awarding Plaintiff, and the class she seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h)   Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

52.   Plaintiff is entitled to and hereby demands a trial by jury.

Dated: July 31, 2018

Respectfully submitted,

SUSAN WALCH

By her attorneys,

/s/ Daniel Ruggiero
Daniel Ruggiero (BBO # 666131)
275 Grove Street, Suite 2-400
Newton, MA 02466
Telephone: (339) 237-0343
Facsimile: (866) 317-2674
DRuggiero@ThompsonConsumerLaw.com

Co-counsel with Thompson Consumer Law Group, PLLC

5235 E. Southern Ave., D106-618
Mesa, AZ 85206